UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EDWARD MITCHELL GUERRERO,

                Petitioner,                                        Hon. Richard Alan Enslen

v.                                                           Case No. 1:05-CV-285

CARMEN PALMER,

                Respondent.
_____/


**REPORT AND RECOMMENDATION**

        This matter is before the Court on Guerrero's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the Court recommends that Guerrero's petition be **denied**.


**BACKGROUND**

        Between October 20, 1971, and October 31, 1971, Petitioner orchestrated (and participated in) the abduction, robbery, and rape of three women.  (Dkt. #26, Plea Transcript).  In the course of committing these crimes Petitioner brutally beat his victims.  (Dkt. #26, Pre-Sentence Investigation Report).  Petitioner was subsequently charged with three counts of kidnaping, three counts of armed robbery, and three counts of rape.  *Id.*

        On May 31, 1972, Petitioner plead guilty to the three counts of rape in return for having the remaining six charges dismissed.  (Dkt. #26, Plea Transcript).  Before entering his plea, Petitioner

was advised of the various rights he would be surrendering by pleading guilty.  Petitioner was also

informed that if he pled guilty, he could receive a sentence of "any term of years up to life."  Petitioner

stated that nobody had made any promises to him regarding the sentence he would receive by pleading

guilty.  *Id.*  Petitioner's plea was accepted and he was sentenced to life in prison.  (Dkt. #26, Sentencing

Transcript).

Petitioner appealed his conviction to the Michigan Court of Appeals which affirmed his

conviction in a decision dated February 20, 1974.  *See People v. Guerrero*, No. 71-20126-FH-4, Order

(Saginaw County Cir. Ct., July 18, 1994).  Petitioner later moved in the Michigan Supreme Court for

leave to appeal this decision, a request which was denied on October 18, 1974.  *Id.*[1]

On May 25, 1994, Petitioner filed in the trial court a motion for relief from judgment in

which he asserted the following issues:

> I.  Did the trial court violate the standards specified in 28 U.S.C. 2243-44 and the Eighth Amendment prohibition against cruel and unusual punishment and Michigan's constitutional provision against cruel or unusual punishment by sentencing Defendant to an illusionary sentence of parolable life.
>
> II.  Did the trial court violate the standards specified in *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed.2d 1124; and *Turner v. California*, 498 U.S. ___, ___, 111 S.Ct. 768, 112 L.Ed.2d 787 (1993), where under the Equal Protection Clause of the United States Constitution, there is to be uniformity and individualization of justice in sentencing by both the courts and/or legislature.
>
> III.  The changes in the law have resulted in a reduction in the frequency of parole consideration to every five years and

---

[1]  While the Rule 5 material does not include these particular decisions, both parties agree that Petitioner's direct appeal of his conviction was denied by the Michigan Supreme Court on October 18, 1974.

that this retroactive reduction constitutes an unconstitutional ex post facto law.

The court denied Petitioner's request for relief. *People v. Guerrero*, No. 71-20126-FH-4, Order (Saginaw County Cir. Ct., July 18, 1994). Asserting the following issues, Petitioner appealed this decision to the Michigan Court of Appeals:

I.     The trial court violated the standards set forth in 28 U.S.C. 2243-44 and the Eighth Amendment prohibition against cruel and unusual punishment and Michigan's constitutional provision against cruel or unusual punishment by sentencing Defendant to an illusionary sentence of parolable life.

II.    The trial court violated the standards specified in the United States Constitution which provides for due process under the Equal Protection Clause and uniformity and individualization of justice in sentencing by both the courts and legislature.

III.   The recent changes in the law have resulted in a reduction in the frequency of parole consideration to every five years and that this retroactive reduction constitutes an unconstitutional ex post facto law.

IV.    When the trial court sentenced Defendant to life imprisonment he unduly and improperly limited his discretion.

The court denied Petitioner's appeal "for failure to establish grounds for relief from judgment pursuant to MCR 6.508(D)." *People v. Guerrero*, No. 179417, Order (Mich. Ct. App., Mar. 24, 1995). Petitioner did not appeal this decision to the Michigan Supreme Court. (Dkt. #25).

On November 13, 2001, Petitioner filed in the trial court another motion for relief from judgment. The Court denied Petitioner's request. *People v. Guerrero*, No. 71-20126-4, Opinion

(Saginaw County Cir. Ct., July 5, 2002).  Petitioner appealed this determination to the Michigan Court

of Appeals asserting the following claims:

> I.      The Defendant-Appellant is being forced by changes in the law and policy to serve a sentence longer than the trial judge intended.  Defendant-Appellant was denied his due process rights to be sentenced on the basis of accurate information where the trial judge erroneously believed that the Defendant-Appellant would be afforded meaningful parole review after ten years, in violation of the Michigan Constitution 1963, article one, sections seventeen and twenty and also in violation of the United States Constitution Fifth, Sixth, and Fourteenth Amendments.

> II.     The trial judge abused his discretion when he denied Defendant-Appellant's motion for relief from judgment where the Defendant-Appellant's due process rights were violated when his right to be sentenced on the basis of accurate information where the trial judge erroneously believed that the Defendant-Appellant would be afforded meaningful parole review after ten years in violation of the Michigan Constitution 1963, article one, sections seventeen and twenty and also in violation of the United States Constitution Sixth and Fourteenth Amendments.

The court denied Petitioner's appeal and affirmed his conviction and sentence.  *People*

*v. Guerrero*, No. 242992, Opinion (Mich. Ct. App., Jan. 15, 2004).  Asserting the following issues,

Petitioner moved in the Michigan Supreme Court for leave to appeal this decision:

> I.      The Michigan Court of Appeals erred by denying Defendant-Appellant's claim that the trial court abused its discretion when denying a motion for relief from judgment based on the claim that the Michigan Parole Board thwarted the sentencing court's intent when the court sentenced Defendant-Appellant to non-mandatory life imprisonment; thereby violating the due process clauses of the United States Constitution, amendment XIV and the Michigan Constitution 1963, article one, section seventeen.

II.     The Defendant-Appellant is being forced by changes in the law and policy to serve a sentence longer than the trial judge intended. Defendant-Appellant was denied his due process rights to be sentenced on the basis of accurate information where the trial judge erroneously believed that the Defendant-Appellant would be afforded meaningful parole review after ten years in violation of the Michigan Constitution 1963, article one, sections seventeen and also in violation of the United States Constitution Fifth, Sixth, and Fourteenth Amendments.

III.    The trial judge abused his discretion when he denied Defendant-Appellant's motion for relief from judgment where this Defendant-Appellant's due process rights were violated when his right to be sentenced on the basis of accurate information was violated where the trial judge erroneously believed that the Defendant-Appellant would be afforded meaningful parole review after ten years in violation of the Michigan Constitution 1963, article one, sections seventeen and twenty and also in violation of the United States Constitution Sixth and Fourteenth Amendments.

The court denied Petitioner's request for leave to appeal. *People v. Guerrero*, No. 125685, Order (Mich., Nov. 29, 2004). On April 19, 2005, Petitioner initiated the present action, asserting the following claim:

I.      Was Petitioner denied his due process right to be sentenced on the basis of accurate information where changes in state law and policy have denied Petitioner meaningful parole review contrary to the sentencing judge's understanding of parole procedures at the time of sentencing thereby thwarting the sentencing judge's intent; and, are the decisions to deny Petitioner relief by the successor judge and Michigan appellate courts an unreasonable application of clearly established federal law.

## **STANDARD OF REVIEW**

Guerrero's petition, filed April 19, 2005, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254.  The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that

it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360

(6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts a *de novo* review. *See McKenzie*, 326 F.3d at 727; *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

### I.        Guerrero's Petition was Not Timely Filed

Respondent asserts that Guerrero's petition must be dismissed as untimely. As discussed below, the Court agrees.

Guerrero's petition, filed on April 19, 2005, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996. *See Herbert v. Billy*, 160 F.3d 1131, 1134-35 (6th Cir. 1998). Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which an inmate challenging a state court judgment must file his habeas petition. The applicable statute of limitations provides the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

As noted above, Petitioner unsuccessfully appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Court of Appeals affirmed Petitioner's conviction in a decision dated February 20, 1974, and the Michigan Supreme Court denied Petitioner's motion for leave to appeal on October 18, 1974.  There is no indication that Petitioner sought relief in the United States Supreme Court, thus his conviction became final on January 17, 1975. *See Gullatt v. Burt*, 2002 WL 1844312 at *1-2 (6th Cir., Aug. 9, 2002) (the 90-day period within which review can be sought in the United States Supreme Court is calculated in § 2244(d)(1)(A)).

With respect to the timeliness of Guerrero's petition, the central issue is determining the date on which the limitations period began to run.  Respondent asserts that the relevant provision is § 2244(d)(1)(A) which provides that the limitations period begins to run on the date a petitioner's

conviction becomes final.  It must be noted, however, that because Guerrero's conviction became final before the enactment of the AEDPA, the limitations period would not have begun to run until the effective date of the AEDPA, April 24, 1996.  *See Hudson v. Jones*, 35 F. Supp.2d 986, 988 (E.D. Mich. 1999) (citing *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998)).  Accordingly, Respondent asserts that the limitations period expired on April 25, 1997, rendering the present action untimely.

Petitioner counters that § 2244(d)(1)(D) controls because he was unable through the exercise of due diligence to discover the factual predicate of his habeas clam until November 29, 2004. According to Petitioner, because the limitations period did not begin to run until this latter date his petition, filed less than five months later, was timely.  The Court notes that Petitioner bears the burden of establishing that the limitations period began to run on a date subsequent to April 24, 1996.  *See Stokes v. Leonard*, 2002 WL 531139 at *3 (6th Cir., Apr. 4, 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001) (where petitioner seeks to rely on § 2244(d)(1)(D) he bears burden of establishing that he diligently attempted to discover the factual predicate of his claim).  An examination of Petitioner's claim and the facts of record, however, compel the conclusion that Petitioner was aware of (or should have been aware of) the factual predicate of his claims long before November 2004.

Petitioner claims that he was sentenced pursuant to materially false information. Specifically, Petitioner asserts that when imposing sentence the trial judge "relied on the assumption" that Petitioner would have "long ago" obtained parole (or at least a meaningful parole review). Petitioner claims that because he has yet to receive parole (or even a meaningful parole review) his sentence (premised upon allegedly erroneous information) violated his due process rights.  Petitioner asserts that he did not discover the factual basis for this claim until November 29, 2004.

The record reveals, however, that the parole board denied Petitioner's requests for parole on at least five occasions between 1983 and 1994.  Petitioner has not articulated how these rejections for parole failed to inform him of the factual basis for his present habeas claim.  Petitioner asserts that the parole board also denied his request for parole in 1998 and 2003.  However, Petitioner has presented no evidence indicating that these latter rejections are in any way distinguishable from the numerous parole reviews in which he participated between 1983 and 1994.

In sum, Petitioner has failed to establish that he was unable through the exercise of due diligence to uncover the factual basis for his claim until 2004.  To the contrary, the record supports Respondent's position that the factual basis for Petitioner's claim was known (or could have been known through the exercise of due diligence) by 1994 or even sooner.  The Court concludes, therefore, that Guerrero's petition must be dismissed as untimely.  As discussed below, however, even if the Court were to conclude that Guerrero's petition were timely filed, it must nonetheless be dismissed as it is without merit.

## II.         Petitioner's Sentence did not Violate his Due Process Rights

As noted above, Petitioner claims that he was sentenced pursuant to materially false information.  Specifically, Petitioner asserts that when imposing sentence the trial judge "relied on the assumption" that Petitioner would have "long ago" obtained parole (or at least a meaningful parole review).  Petitioner claims that because he has yet to receive parole (or even a meaningful parole review) his sentence (premised upon allegedly erroneous information) violated his due process rights.

It has long been recognized that when imposing sentence, "courts have broad discretion to consider various kinds of information."  *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*,

*Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come").

Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief. *Roberts*, 445 U.S. at 556 (citations omitted). To prevail on a claim that he was sentenced on the basis of such misinformation, Petitioner must establish that "the disputed information was materially false and that the trial court relied on the information." *United States v. Andrews*, 240 F.Supp.2d 636, 638 (E.D. Mich. 2003) (quoting *Collins v. Buckhoe*, 493 F.2d 343, 345-46 (6th Cir. 1974)). A review of the record in this matter reveals that Petitioner was not sentenced on the basis of misinformation.

At sentencing the following exchange occurred between Petitioner and the sentencing judge:

| | |
|---|---|
| Judge: | Is there anything you want to say in your own behalf before I impose sentence? |
| Petitioner: | No, Your Honor. |
| Judge: | You're seventeen years old; is that correct? |
| Petitioner: | Yes. |
| Judge: | When did you turn seventeen? |
| Petitioner: | October 10th, about two weeks before I came here. |
| Judge: | I have read your letter, I want you to know that, that you have written to the Court, and I have heard your counsel, Mr. Dillon, and I have read your report. I'm aware of the fact that this is your first conviction, but I think you know that you have pled guilty to one of the most serious crimes that you can commit. |

Petitioner:     Yes, Sir.

Judge:          I think one of the hardest things it is for a judge is to sentence in
                any event.  It's even harder when the person involved is only
                seventeen years old, and I have given your case a great deal of
                thought, but there's only one sentence I can impose, and that is
                going to be a life sentence on all three counts.

                Now under our law, under the life sentence your case can come
                up for review in ten calendar years.  You will also be given credit
                for all of the time that you have been in jail, which is some 272
                days, as far as your time for review is concerned.

                I would recommend that you be given every opportunity to
                complete your education while in prison, against the day when
                perhaps you can earn a release, but I have to tell you that this will
                be entirely up to the Department of Corrections.  This is a type of
                crime that the Legislature has seen fit to place a maximum penalty
                on, and they have set the pattern for the Court.  This case, three
                different counts of forcible rape, you know the circumstances, I'm
                not going to go through them, you related them to the Court when
                you pled guilty.  You stated that you're sorry, and I believe that
                you are.  I would like to believe that you are, but what you do
                from now on is entirely up to you.  You earn your release.  You're
                young, and I only hope that you will think in terms of the fact that
                if you do come up for review, that you better have a good record,
                that you make good use of the time when you're down there.  You
                can go all the way through college, as it stands right now.  There's
                very little that can be said for this kind of conduct.  You have got
                to, in taking a sentence of this kind, you have got to think of the
                victims here.  Think of the terror you put them through, and
                there's just no way – they're going to remember it for a long time,
                too, what happened, and I hope that you're sincerely sorry.  You
                do what you can.  If you can rehabilitate yourself, that's fine.  I
                feel sorry for your family.  I know you do, too, but there's just
                nothing that I can do under the law.

(Dkt. #26, Sentencing Transcript at 1-3).

In a letter dated September 16, 2003, the sentencing judge, the Hon. Joseph McDonald,

wrote to the chairman of the Michigan Parole Board.  (Dkt. #27).  In this letter, the judge wrote that

"[b]ecause of the serious nature of his crime, I sentenced [Petitioner] to a life sentence rather than a term

of years, because I was aware that under the law he could not be considered for parole until at least ten calendar years had been served." The judge further wrote that "[b]oth the defendant's attorney and I believed that [Petitioner] would be considered for parole after ten calendar years. We both knew that it was not a guarantee, but within the discretion of the parole board." *Id.*

In light of this evidence, Petitioner's claim that "Judge McDonald intended that Petitioner be released a 'long time ago'" simply fails. There is nothing in the record to suggest that Judge McDonald sentenced Petitioner with the intention or belief that Petitioner would be paroled by a certain date - or that he would even be paroled at all. Instead, the record indicates that the judge sentenced Petitioner to life in prison because of the brutal nature of his crimes with the understanding that he could be considered for parole after ten years. While the judge urged Petitioner to rehabilitate himself in the hopes of obtaining parole, the judge also clearly understood (and stated to Petitioner) that decisions regarding the granting of parole rested with the Department of Corrections.

As for Petitioner's argument that Judge McDonald sentenced him under the impression or belief that he would eventually be considered for parole, as the Michigan Court of Appeals correctly observed, Petitioner was considered for parole on eight different occasions between 1982 and 2003. *People v. Guerrero*, No. 242992, Opinion at 3 (Mich. Ct. App., Jan. 15, 2004). In this respect, therefore, it cannot be said that Petitioner was sentenced pursuant to materially false information. To the contrary, Judge McDonald sentenced Petitioner with the belief that he would eventually be considered for parole. Subsequent events demonstrated the accuracy of the judge's belief.

Petitioner asserts that Judge McDonald sentenced him to life in prison with the belief that he would eventually be released on parole. There is no evidence to support this assertion, but even assuming its accuracy the most that can be said in Petitioner's behalf is that the sentencing judge failed

to accurately predict that the parole board would deny Petitioner's request for parole.  However, as the Michigan Court of Appeals correctly observed, "the failure to accurately predict the actions of the Parole Board does not constitute a misapprehension of the law that could render the sentence invalid."  *Id.*

The Michigan Court of Appeals determined that this particular claim was without merit. In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law.  Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, this claim raises no issue upon which habeas relief may be granted.


## CONCLUSION

For the reasons articulated herein, the Court concludes that Guerrero's petition was not timely filed.  The Court further concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States.  Accordingly, the Court recommends that Guerrero's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  June 5, 2006                        /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge


-15-