UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD MITCHELL GUERRERO,

    Petitioner,

v.

CARMEN D. PALMER, Warden,
Riverside Correctional Facility,

    Defendant.

Case No. 1:05-CV-285

Hon. Richard Alan Enslen

**OPINION**

_____/

This matter is before the Court on Petitioner Edward Mitchell Guerrero's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 5, 2006, which recommended that Petitioner's Writ of *Habeas Corpus* brought under 28 U.S.C. § 2254 be denied. After reviewing the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1), the Court will deny Petitioner's Objections and his Writ of *Habeas Corpus*.

On May 31, 1972, the Saginaw County Circuit Court accepted Petitioner's guilty plea of three counts of rape and on July 31, 1972, sentenced him to life imprisonment. Petitioner sought direct review and the Michigan Court of Appeals affirmed his conviction and sentence on February 20, 1974. The Michigan Supreme Court denied Petitioner's motion for leave to appeal on October 18, 1974. Petitioner did not seek a writ of *certiorari* from the United States Supreme Court within the 90-day period allotted for such review. SUP. CT. R. 13.1. Therefore, his conviction and sentence became final on January 17, 1975.

Pursuant to Title 28 of the United States Code, section 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act:

> (1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Petitioner's conviction became final on January 17, 1975, well before AEDPA's effective date of April 24, 1996, his limitation period under the Act expired one year from its effective date, *i.e.,* April 24, 1997. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *see also Harvey v. Jones*, No. 04-2487, 2006 WL 1208066, at *2 (6th Cir. May 2, 2006); *Martin v. Wilson*, 110 Fed. Appx. 488, 490 (6th Cir. 2004). Petitioner did not bring the instant Writ of *Habeas Corpus* until April 19, 2005, and the Report recommended dismissal of his Petition as time barred under 28 U.S.C. § 2244(d)(1)(A).[1]

The Report rejected Petitioner's contention that under section 2244(d)(1)(D) the factual predicate of his claim was not discovered until November 29, 2004. In this regard Petitioner has framed his *habeas* claim as follows:

---

[1] It not disputed that the AEDPA applies to Petitioner's Petition since it was filed after the Act's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

> Was Petitioner denied his due process right to be sentenced on the basis of accurate information where changes in state law and policy have denied Petitioner meaningful parole review contrary to the sentencing judge's understanding of parole procedures at the time of sentencing thereby thwarting the sentencing judge's intent; and, are the decisions to deny Petitioner relief by the successor judge and Michigan appellate courts an unreasonable application of clearly established federal law[?]

(Br. in Supp. of Pet. for Writ of *Habeas Corpus* at 9). Petitioner also states that he was denied parole in 1978, 1980, 1983, 1985, 1987, 1991, 1994, 1998, and 2003. (*Id.* at 3). Because Petitioner is shouldered with the burden of persuading this Court that he diligently attempted to discover the factual predicate of his claim, *DiCenzi v. Rose*, __ F.3d __, (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)), the Report considered Petitioner's previous parole denials before April 24, 1997, as more than enough factual information to apprise him of his *habeas* claim.

Petitioner objects to the Report's assessment of his limitations period and now states that:

> The fact that PETITONER [*sic*] we [*sic*] clearly attempting to exhaust all State remedies with each Parole Board denial **the last being in 2003**, would have prevented Petitioner from filing in Federal Court. Therefore very much still timely, since each step had to be addressed and exhausted before moving forward.

(Pet'r Obj. at 2) (emphasis in original). "As long as petitioners are seeking review in a state court, the one-year statute of limitations does not run. Thus, § 2244(d)(2) allows petitioners to both completely exhaust all *habeas* claims before the state courts, and file *habeas* claims within one year of the date upon which a conviction becomes final." *In re Bowen*, 436 F.3d 699, 701 (6th Cir. 2006). Between April 24, 1996, and April 24, 1997, Petitioner took no action, and no application remained pending, to collaterally attack or review his sentence.[2] It was not until November 13, 2001, that Petitioner

---

[2] Petitioner did file a motion for relief from judgment in Saginaw County Circuit Court on May 25, 1994, challenging his sentence on grounds similar to the instant Petition. The Michigan Court of Appeals affirmed the trial court's denial of that motion on March 24, 1995. Petitioner did not seek leave to appeal in the Michigan Supreme Court. Therefore, that motion does not toll or otherwise affect Petitioner's limitation period (April 24, 1996 to April 24, 1997) under section 2244(d)(2).

moved in Saginaw County Circuit Court for relief from the trial court's judgment, over four and one-half years too late to toll the limitations period under section 2244(d)(2). Consequently, the Court will deny Petitioner's Objections and his Writ of *Habeas Corpus* as time barred by section 2244(d).

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether Petitioner is entitled to a certificate of appealability. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (section 2253 analysis may be done when substantive claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or deserves encouragement for some other reason. This Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001), and determined that Petitioner's Writ has not met this standard. Therefore, a certificate will be denied.

A Final Order denying Petitioner Edward Mitchell Guerrero's Objections, adopting the Report and Recommendation, denying Petitioner's Writ of *Habeas Corpus* with prejudice, and denying Petitioner a certificate of appealability shall enter.

DATED in Kalamazoo, MI:  
    July 24, 2006

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE